UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SEMAJ WEAVER,

       Plaintiff,                          Civil No. 08-1155-HA

           v.                         OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.


HAGGERTY, District Judge:

      Plaintiff Semaj Weaver brings this action for judicial review of the defendant

Commissioner's final decision denying his adult child's disability benefits under the Social

Security Act, 42 U.S.C. § 401 *et seq.* (the Act). This court has jurisdiction under 42 U.S.C. §§

401-433 and 1381-1383(c)(3) (which incorporates 42 U.S.C. § 405(g)). For the following

reasons, the court remands this action for further proceedings.

      Plaintiff was found to be eligible for Supplemental Security Income (SSI) benefits in

2002. Tr. of Admin. R. (hereinafter, Tr.) 22. In September 2002, plaintiff became eligible for

adult childhood disability benefits when his mother became eligible for disability insurance

benefits, so the SSI benefits were suspended.  Tr. 69.  However, this judicial review pertains to

defendant's subsequent determination – after conducting the required eight-step review – that

plaintiff could perform a significant number of jobs in the national economy, and that his

disability ceased as of September 1, 2004.  Tr. 18-19, Findings 14-15.

There is no dispute among counsel that plaintiff was diagnosed with a variety of mental

impairments "leading up" to the initial determination that he was eligible for SSI benefits:

> multiple and varying diagnoses were given by practitioners.  Plaintiff was
> diagnosed with schizoaffective disorder; bipolar disorder, in partial remission,
> and narcissistic personality disorder; schizoaffective disorder, bipolar type,
> alcohol abuse, marijuana abuse, and rule out bipolar disorder and personality
> disorder; antisocial personality disorder; "mental illness with hypomanic state,
> probably bipolar illness with schizophrenia;" psychotic disorder, not otherwise
> specified (suspected schizoaffective disorder) and rule out substance abuse with
> marijuana and alcohol dependence; bipolar mental disorder and hypomanic state;
> bipolar disorder (manic) in remission, marijuana abuse, and personality disorder;
> bipolar disorder, schizoaffective personality disorder, and psychosis; and ending
> in December 2001, schizoaffective disorder, bipolar type,and rule out bipolar
> disorder.

Dft.'s Response at 8 (citations omitted).

Plaintiff's finding of disability, effective from October 2001 until September 1, 2004, was

based on the conclusion that plaintiff's impairments met the requirements of disability set forth in

SSA Listing 12.03, the category for schizophrenic, paranoid, and other psychotic disorders.  Tr.

401-13.  This determination was confirmed when plaintiff's initial disability eligibility was

subsequently reviewed and recognized as being "based on a psychotic disorder meeting the

criteria for listing 12.03."  Tr. 31.

Following that continuing disability review, an Administrative Law Judge (ALJ)

determined that plaintiff was no longer eligible for disability benefits.  Defendant's decision to

2 -- OPINION AND ORDER

terminate plaintiff's benefits was made after examining details regarding plaintiff's medical

history.  These details will be addressed as necessary below.

On July 29, 2008, the Appeals Council denied plaintiff's request for review, rendering the

ALJ's decision final.  Tr. 5-7.  Plaintiff now seeks judicial review of that final decision.

**STANDARDS**

This is a benefits cessation action.  The Act provides that a claimant must initially

establish an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  After a claimant is found disabled, a presumption of continuing

disability arises.  *See Bellamy v. Sec'y of Health & Human Svcs.*, 755 F.2d 1380, 1381 (9th Cir.

1985); *Mendoza v. Apfel*, 88 F. Supp. 2d 1108, 1113 (C.D. Cal. 2000).  A claimant's continued

entitlement to benefits is reviewed periodically.  *See* 20 C.F.R. §§ 404.1594(a), 416.994(a).

Generally (with some exceptions), a claimant's disability cannot be terminated unless

substantial evidence demonstrates "medical improvement" in the claimant that has resulted in the

ability to engage in substantial gainful activity (SGA).  *See* 42 U.S.C. § 423(f); 20 C.F.R. §§

404.1594(a), 416.994(a); *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983).

Although the claimant retains the ultimate burden of proof regarding disability, the

presumption of continuing disability shifts the burden of production to the Commissioner to

produce evidence to meet or rebut the presumption.  *See Bellamy*, 755 F.2d at 1381.

The Commissioner's regulations establish a sequential evaluation procedure consisting of

up to eight steps for evaluating whether a claimant's disability continues:

1.    Whether the claimant is currently engaging in SGA;

2.     If not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment;

3.     Whether there has been a medical improvement;

4.     If there has been a medical improvement, whether it is related to the claimant's ability to work;

5.     If there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies;

6.     If there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe;

7.     If the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of his past relevant work activity, and

8.     If the claimant is unable to do work performed in the past, whether the claimant can perform other work.

*See Delph v. Astrue*, 538 F.3d 940, 945-946 (8th Cir. 2008) (citing 20 C.F.R. § 404.1594(f)); *see also* 20 C.F.R. § 416.994(b)(5).  Plaintiff challenges the findings rendered regarding Step Three (medical improvement) and Step Eight (plaintiff's ability to perform work). The remainder of the ALJ's findings are unchallenged and need not be analyzed.

A "medical improvement" is defined as a "decrease in the medical severity of the impairment which was present at the time of the most recent favorable medical decision."  20 C.F.R. § 404.1594(b)(1).  The determination of a decrease in medical severity must be "based upon changes (improvement) in the symptoms, signs and/or laboratory findings associated with the impairment."  *Id*.

4 -- OPINION AND ORDER

To determine whether the claimant's signs, symptoms, and laboratory findings have shown medical improvement, the ALJ compares the claimant's condition at the comparison point date to the claimant's present condition. *See* 20 C.F.R. §§ 404.1594(b)(7), 416.994(b)(1) (vii). Here, the comparison point date was January 28, 2002. Tr. 14, Finding 1.

The medical improvement must also be "related to ability to do work," and so the decrease in medical severity of the impairments is measured against any increase in the claimant's "functional capacity to do basic work activities." 20 C.F.R. §§ 404.1594(b)(3), 416.994(b)(1) (iii). To determine whether the medical improvement is related to the ability to work, the Commissioner ordinarily will compare the claimant's residual functional capacity (RFC) at the time of the most recent favorable decision with a current RFC based on only those impairments which were present at the time eligibility was most recently approved.

A determination that medical improvement related to the ability to do work has occurred does not necessarily mean that a claimant's disability has ended. The claimant must also be currently able to engage in SGA. *See* 20 C.F.R. §§ 404.1594(b)(3), 416.994(b)(1)(iii). If the Commissioner finds that the claimant's condition has medically improved, and also that the improvement is related to the claimant's ability to work, then the Commissioner will consider the claimant's current impairments and determine whether these may, nonetheless, preclude SGA. *See* 20 C.F.R. §§ 404.1594(b)(5) & (f); 416.994(b)(1)(iii), (b)(5). In essence, the sequential five-step analysis originally applied to determine disability is applied once again. *See Delph*, 538 F.3d at 946.

Similarly, in cessation cases this court relies upon the same standards for reviewing the Commissioner's final decision. The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a

5 -- OPINION AND ORDER

whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations

omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).

Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn*

*v. Astrue*, 495 F.3d  625, 630 (9th Cir. 2007) (citations and quotations omitted).  This court must

uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than

one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

 The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).  The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances in which the evidence would support either

outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v.*

*Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).

**ANALYSIS**

 Plaintiff contends that the ALJ's determination that a medical improvement occurred and

his disability ended is not supported by substantial evidence in the record.  The Commissioner

submits that the finding of medical improvement is supported by substantial evidence in the

record.


 Because this is a cessation of benefits case where the primary issue is whether plaintiff's

medical condition improved with respect to his ability to work, the court focuses on evidence

relevant to this issue.  Specifically, as discussed above, plaintiff's condition in 2002 – the date of

6 -- OPINION AND ORDER

plaintiff's most recent favorable disability determination – is the starting point.  It is undisputed

that plaintiff was declared disabled at that time because he suffered from a schizoaffective

disorder that met Listing 12.03.  Tr. 14, Finding 2.  The question presented by plaintiff's

challenge is whether the ALJ developed the record sufficiently to determine that plaintiff's

condition improved after that date and, if so, whether that improvement related to his ability to

work.

   The parties acknowledge that the Commissioner's decision that plaintiff's abilities have

improved is based in part upon a medical review that was undertaken when plaintiff was referred

to D. RoseMarie Reynolds, Ph.D.  Plaintiff contends that Dr. Reynolds' assessment was unfairly

limited to plaintiff's "schizoaffective disorder only, and not the primary diagnosis of bipolar

disorder, as found by the SSA."  Plf.'s Opening Brief at 9.  Plaintiff contends that the ALJ

"summarily did nothing to ascertain Plaintiff's true functional capacity."  *Id*. at 10.

   Some responsibility to develop the record rests with the ALJ in part because disability

hearings are inquisitorial rather than adversarial in nature.  *See Sims v. Apfel*, 530 U.S. 103,

110-11 (2000).  Administrative regulations also mandate the ALJ to look "fully into the issues"

at hearings.  20 C.F.R. §§ 404.944 and 416.1444; *see also Pearson v. Bowen*, 866 F.2d 809, 812

(5th Cir. 1989).

   Fulfilling the duty to develop the record may compel the ALJ to consult a medical expert

or to order a consultative examination.  *See* 20 C.F.R. §§ 404.1519a and 416.919a.  If the

evidence presented is inadequate to determine disability, the ALJ is required to re-contact

medical sources for additional information.  20 C.F.R. § 416.912(e); *see also Thomas*, 278 F.3d

at 958 (the requirement for seeking additional information is triggered when evidence from a

treating medical source is inadequate to make a determination as to a claimant's disability) (citation omitted).

Relatedly, an ALJ must take reasonable steps to ensure that issues and questions raised during the presentation of medical evidence are addressed so that the disability determination is fairly made on a sufficient record of information. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998, as amended Jan. 26, 1999); *see also* 20 C .F.R. §§ 404.1527(c)(3) and 416.927(c)(3) (explaining how an ALJ may obtain additional evidence where medical evidence is insufficient to determine whether claimant is disabled); 20 C.F.R. §§ 404.1512(e) and 416.912(e) (obtaining additional information from treating doctors).

Here, defendant acknowledges that "[t]hroughout the period leading up to [plaintiff's] favorable [disability] decision in 2002, multiple and varying diagnoses were given by practitioners." Dft.'s Response at 8. Plaintiff contends that among these varying diagnoses, his bipolar disorder should have been recognized as a primary diagnosis and further developed by the ALJ. The failure to further develop the record regarding plaintiff's bipolar disorder, argues plaintiff, was error that should compel remand of this action.

The Commissioner rejects this argument, responding that plaintiff's conclusion that bipolar disorder was his primary impairment is based merely upon statements from Steve Villwock, who serves as a disability analyst. Villwock noted that plaintiff's primary diagnosis should be a bipolar disorder because it appeared "more appropriate." Tr. 416.

The Commissioner argues that this observation is not dispositive because Villwock is not a physician, and no changes were made to plaintiff's diagnostic code or basis of disability. Instead, as noted above, the original disability findings were confirmed upon review. Tr. 31.

8 -- OPINION AND ORDER

Defendant also argues that all of the post-eligibility references to plaintiff's bipolar disorders were made by non-physicians. A nurse practitioner in Curry County diagnosed plaintiff with a bipolar disorder in 2005 and 2006. Tr. 14, 484, 490. The Commissioner asserts that only acceptable medical sources (licensed physicians or certified psychologists) can diagnose impairments. 20 C.F.R. § 404.1513(a); Social Security Ruling (SSR) 06-03p. Therefore, defendant argues, "there is no evidence of a bipolar disorder at the time that Plaintiff's impairments were found to have medically improved (i.e., September 2004)." There being no evidence of a bipolar disorder, and because "the only medically determinable impairment [found in September 2004] continued to be a schizoaffective disorder," the ALJ had no duty to further develop the record. Dft.'s Response at 10.

Plaintiff contends that Dr. Reynolds' review of his medical records was unduly limited because she noted that " the specific points to be covered in the current exam include: Schizoaffective disorder" – plaintiff construes this to mean that Dr. Reynolds ignored plaintiff's "primary" diagnosis of bipolar disorder. Pl.'s Brief at 9 (citing Tr. 451-56). Because Dr. Reynolds was not asked to perform a comprehensive examination, her review should not be relied upon by the Commissioner as establishing that plaintiff no longer suffered from a bipolar disorder.

There appears to be no dispute that Dr. Reynolds' review failed to clarify whether plaintiff's bipolar disorder remained an impairment in 2004. While plaintiff's assertions that the Commissioner intended to "misdirect the psychologist to what Plaintiff's impairments are" and then "forward the inconsistent and insufficient record to other non-examining physicians for their concurrence" (Pl.'s Brief at 10) exceed the bounds of propriety and appear frivolous, there are grounds for remanding for further proceedings. As the Commissioner is compelled to

9 -- OPINION AND ORDER

concede, there were "multiple and varying diagnoses" given by practitioners, including sufficient references to plaintiff's bipolar disorder to prompt a disability analyst to conclude that plaintiff's primary diagnosis should be a bipolar disorder. Tr. 416. The Commissioner's attempt to discount this and other similar observations because non-physicians were involved is unpersuasive.

When the record before the ALJ precludes the proper evaluation of the evidence, such as is the case here, an ALJ's duty to further develop the record may be triggered. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence") (citation omitted).

In such instances, the ALJ has "a special duty to fully and fairly develop the record and assure that the claimant's interests are considered." *Hayes v. Astrue*, 2008 WL 686867, *2 (Ninth Circuit March 12, 2008) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam). That duty is invoked here.

In light of this, this action must be remanded. As noted above, 42 U.S.C. § 405(g) provides jurisdiction for this court to review administrative decisions in Social Security benefits cases. A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (the fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

10 -- OPINION AND ORDER

of the Commissioner of Social Security, with or without remanding the cause for a rehearing"
and is "essentially a determination that the agency erred in some respect in reaching a decision to
deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. §
405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).

 The issues presented here compel a remand under sentence four.  The decision whether to
remand under sentence four for further proceedings or for the immediate payment of benefits is
within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  "[A]
remand for further proceedings is unnecessary if the record is fully developed and it is clear from
the record that the ALJ would be required to award benefits." *Holohan*, 246 F.3d at 1210.

 In this matter, this court concludes that outstanding issues remain that must be resolved
before a determination of plaintiff's continued eligibility can be made.  Further proceedings will
be useful, and I exercise the discretion of the court to remand this case for additional
administrative proceedings.

 Specifically, pursuant to this remand, plaintiff and Commissioner shall develop the
record regarding plaintiff's current impairments.  Upon remand, the ALJ is instructed to obtain
updated medical records concerning plaintiff.  The ALJ shall also provide plaintiff an
opportunity to submit additional medical evidence in support of his alleged limitations.

 Additionally, the ALJ shall ascertain plaintiff's functional limitations and his assessments
in accordance with all applicable administrative and legal standards.  The ALJ shall address and
give full consideration to all lay witness testimony submitted in support of plaintiff's continued
eligibility for benefits.  Plaintiff shall be permitted to be represented by counsel, present
witnesses and evidence, and to access, refer to and submit into the record all testimony and
evidence that has been presented already.

11 -- OPINION AND ORDER

The ALJ shall also provide adequate explanations establishing that all evidence and testimony was considered in accordance with all applicable standards and laws, and fully evaluated in the assessment of plaintiff's continued eligibility for benefits.

**CONCLUSION**

This court concludes that further administrative proceedings are necessary to determine plaintiff Semaj Weaver's continued eligibility for SSI benefits. This case is reversed and remanded for such proceedings in accordance with this Opinion.

IT IS SO ORDERED.

DATED this  25  day of September, 2009.


            /s/ Ancer L. Haggerty
            Ancer L. Haggerty, Judge
            United States District Court


12 -- OPINION AND ORDER